IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JEFFREY ALLGOOD,** ) | **CASE NO. 1:12 CV 1513** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | Magistrate Judge Greg White |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Greg White. (Docket #17.) The Magistrate Judge recommends that the Commissioner of Social Security's final determination denying Plaintiff, Jeffrey Allgood's claim for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.,* be vacated and the case remanded.

As set forth by the Magistrate Judge, the procedural history of this case is as follows:

I. Procedural History

In June, 2008, Allgood filed an application for DIB, POD, and SSI alleging a disability onset date of August 23, 2007, and claiming that he was

disabled due to chronic back and leg pain.[1] (Tr. 193.) His application was denied both initially and upon reconsideration.

On September 15, 2010, an Administrative Law Judge ("ALJ") held a hearing during which Allgood, represented by counsel, and an impartial vocational expert ("VE") testified. On October 20, 2010, the ALJ found Allgood was able to perform a significant number of jobs in the national economy and, therefore, was not disabled. The ALJ's decision became final when the Appeals Council denied further review.[2]

## II. Evidence

Personal and Vocational Evidence

Age 49 at the time of his administrative hearing, Allgood was a "younger" person under social security regulations. See 20 C.F.R. §§ 404.1563(c) & 416.963 (c). Allgood has a limited education and past relevant work as a machine operator. (Tr. 30.)

Hearing Testimony

At the hearing, Allgood testified to the following:

- He lives with his wife and two children. (Tr. 47.)
- His driver's license is suspended. Id.
- He completed the tenth grade and has no vocational training or military service. (Tr. 48.)
- He experiences pain in his lower back and legs, as well as in his hands, shoulder, and knees. (Tr. 50.) He could grip a gallon of milk, but could not hold it. Id.
  His hand cramps when he tries to write with a pen. (Tr. 50-51.)
- He continues to take OxyContin, Vicodin and Valium which help the pain, but he experiences drowsiness and dizziness. (Tr. 49.)
- It is difficult to sit or stand for a long period of time due to the

---

[1] Allgood had previously filed applications on February 8, 1993, February 21, 1996, October 10, 1996, August 15, 1997, December 7, 2001, and May 22, 2003, all of which were denied. (Tr. 21.)

[2] In federal district court, case number 1:09cv2192, Allgood appealed the denial of his May 22, 2003 application. (Tr. 21.) According to the court docket, it was dismissed without prejudice on January 11, 2010.

-2-

      pain, unless he is "drugged up," as he was during the hearing. Id.
- He can stand for five minutes and sit for five minutes. (Tr. 57-58.) He then has to lie down on his back before he could stand again. (Tr. 58.)
- Each morning he checks his sugar level, takes his medications, while his wife prepares his breakfast. (Tr. 51-52.) His wife also helps him get dressed. (Tr. 52-53.) After his wife leaves for work, his daughter comes to the house to help during the day and makes his lunch. (Tr. 52.)
- He does not do any of the housework. (Tr. 53.) His son will take out the trash while his wife and daughter do the laundry. Id. He does not do any grocery shopping. (Tr. 53.) Other than his immediate family members, he has no visitors and does not talk on the telephone. (Tr. 54.)
- He does not have a computer. Id. He used to fish and hunt, but his only hobby now is watching television. Id.

### III. Standard for Disability

In order to establish entitlement to DIB under the Act, a claimant must be insured at the time of disability and must prove an inability to engage "in substantial gainful activity by reason of any medically determinable physical or mental impairment," or combination of impairments, that can be expected to "result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.130, 404.315 and 404.1505(a).

A claimant is entitled to a POD only if: (1) he had a disability; (2) he was insured when he became disabled; and (3) he filed while he was disabled or within twelve months of the date the disability ended. 42 U.S.C. § 416(i)(2)(E); 20 C.F.R. § 404.320.

Allgood was insured on his alleged disability onset date, August 23, 2007 and remained insured through September 30, 2009. (Tr. 21.) Therefore, in order to be entitled to POD and DIB, Allgood must establish a continuous twelve month period of disability commencing between those dates. Any discontinuity in the twelve month period precludes an entitlement to benefits. See Mullis v. Bowen, 861 F.2d 991, 994 (6th Cir. 1988); Henry v. Gardner, 381 F. 2d 191, 195 (6th Cir. 1967).

A disabled claimant may also be entitled to receive SSI benefits. 20 C.F.R. § 416.905; Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524 (6th Cir. 1981). To receive SSI benefits, a claimant must meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201.

IV. Summary of Commissioner's Decision

The ALJ found Allgood established medically determinable, severe impairments, due to status post lumbosacral spine strain/sprain, degenerative joint disease of the right knee, and status post left shoulder surgery; however, his impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Allgood was found incapable of performing his past work activities, but was determined to have a Residual Functional Capacity ("RFC") for a limited range of sedentary work. The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Allgood was not disabled.

(Report and Recommendation at pp. 1-4.)

Based upon his consideration of the entire record in this case, including the opinions of Plaintiff's treating physicians, the ALJ found Plaintiff was capable of performing sedentary work "except with a sit/stand option, where he is allowed to sit or stand alternatively, at will, and be off task up to ten percent of the time, with no more than frequent stooping and bending, with no exposure to hazards such as moving machinery and unprotected heights, and with no high production paced work." (Transcript at 27.) Sedentary work is defined as work: "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a) & 416.967(a). Ruling S.S.R. 83-10 suggests that sedentary work will generally involve sitting for six hours of an eight-hour workday. S.S.R. 83-10, *5.

Plaintiff filed his Complaint with this Court on June 13, 2012, challenging the final decision of the Commissioner. (Docket #1.) In his Brief on the Merits, Plaintiff raises two issues for review – whether the ALJ's rejection of the opinions of treating physicians, Drs.

Barker and Talbot, is supported by substantial evidence and whether the ALJ's finding that Plaintiff's claimed carpal tunnel syndrome is not a severe impairment is supported by substantial evidence. (Docket #14.)

On March 8, 2013, the Magistrate Judge issued his Report and Recommendation. (Docket #17.) The Magistrate Judge recommends that the decision of the Commissioner be vacated and the case "remanded for a new decision that adequately explains the weight accorded the medical opinions of record." The Magistrate Judge found the ALJ's determination that Plaintiff's claimed carpal tunnel syndrome was a non-severe impairment to be supported by substantial evidence.

On March 20, 2013, the Commissioner filed objections to the Report and Recommendation. (Docket #18.) The Commissioner argues that the ALJ's decision was sufficiently detailed with regard to the weight he assigned each medical opinion and that the ALJ's determination is supported by the record as a whole. The Commissioner also points to the ALJ's consideration of Plaintiff's credibility, given the contradictions noted by Plaintiff's physicians and the fact that Plaintiff's physicians suspected him of selling and/or misusing his prescribed medication. The Commissioner raised no objection to the Magistrate Judge's findings relative to carpal tunnel syndrome.

Plaintiff filed no objections to the Report and Recommendation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the

-5-

case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. The Commissioner's conclusion must be affirmed "'absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record.'" *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. Tenn. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. Mich. 2004)). Substantial evidence is evidence that a "reasonable mind might accept . . . as adequate to support a conclusion." *Id.* If substantial evidence exists to support the

Commissioner's conclusion, this court must affirm that conclusion "even if there is substantial evidence . . . that would have supported an opposite conclusion." *Id.*

## Discussion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* and has thoroughly considered the entire record in this case, including all of the pleadings, transcripts, and filings of the parties, as well as the Objections to the Report and Recommendation filed by the Commissioner. The Court has reviewed, in detail, the decision of the ALJ.

The ALJ's decision was supported by substantial evidence and, therefore, remand is unnecessary.

### Weight Given to the Opinions of Plaintiff's Treating Physicians

Plaintiff argues that the ALJ's decision to reject the opinions of Plaintiff's treating physicians is not supported by substantial evidence.

Under Social Security regulations, the opinion of a treating physician is entitled to controlling weight if such opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). The ALJ must articulate "good reasons" if he determines that a treating physician's opinion is not entitled to controlling weight. *Vorholt v. Comm'r of Soc. Sec.*, 409 Fed. Appx. 883, 888 (6th Cir. Ky. 2011) (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. Mich. 2009)). "While medical experts may opine on a claimant's limitations, 'the ultimate decision of disability rests with the [ALJ].'" *Id.*; 20 C.F.R. § 404.1527(e)(1).

The ALJ thoroughly reviewed the medical opinions of Plaintiff's treating physicians in the context of the entire record in this case. Prior to explaining the weight accorded each physician's opinion, the ALJ assessed Plaintiff's credibility. "In evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant." *Walters v. Commissioner of Social Sec.*, 127 F.3d 525, 532 (6th Cir. Mich. 1997). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.* at 531-32 (citing *Bradley v. Secretary of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. Ky. 1988)). "An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters*, 127 F.2d at 532 (citing *Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. Mich. 1990); *Crisp v. Secretary of Health and Human Servs.*, 790 F.2d 450, 453 (6th Cir. Ohio 1986)). Consideration of a claimant's alleged drug-seeking behavior is also proper in assessing the credibility of a claimant's statements to physicians regarding his physical pain. See *Thompson v. Comm'r of Soc. Sec.*, Case No. 11-CV-12034, 2012 U.S. Dist. LEXIS 54497, *17 (E.D. Mich. March 15, 2012) (citing *Poppa v. Astrue*, 569 F.3d 1167, 1172 (10th Cir. 2009) ("[T]here is sufficient evidence in the record to support the ALJ's determination that Ms. Poppa's credibility about her pain and limitations was compromised by her drug-seeking behavior.")

The ALJ considered the fact that Plaintiff's medical records noted injuries from activities which were inconsistent with Plaintiff's allegations of disabling pain and that Plaintiff's observed actions and demeanor were also inconsistent therewith.[3] (Transcript at 28-29.)

---

[3] The ALJ noted that Plaintiff was treated in the emergency room after being

Further, the ALJ discussed the fact that both of Plaintiff's treating physicians concluded Plaintiff may be selling and/or misusing pain medication. (Transcript at 27-29.) In fact, Dr. Barker approached Plaintiff regarding his suspicion that Plaintiff may be selling his prescribed pain medication on the street and using it illegally. (Id.) Dr. Talbot discharged Plaintiff as a patient because he was "selling & misusing drugs." (Id.) Substantial evidence exists in the record to support the ALJ's adverse credibility finding.

The ALJ then explains in detail the weight attributed to each of Plaintiff's treating physicians. While recognizing the importance of Dr. Barker's October 2008 opinion, given that he was Plaintiff's treating physician for many years, the ALJ was careful to separate the portions of Dr. Barker's opinion that were based on unsupported and "less than credible" complaints made by claimant. (Transcript at 24-29.) The ALJ stated as follows:

> Great weight is given to the October 2008 opinion of Dr. Barker, the claimant's treating physician for many years, that the claimant can stand or walk two hours in an eight hour work day and one half hour without interruption, can sit one hour without interruption, can lift up to ten pounds occasionally, and is moderately limited as to pushing/pulling, reaching, and repetitive foot movements, and is not significantly limited as to handling. Less weight is given to the opinion that the claimant can sit no more than four hours in an eight hour work day and is "extremely limited" as to bending, which appear to have been based on the claimant's less than credible complaints. The weight of the credible evidence supports the finding that the claimant can bend or stoop frequently, although not continuously, and can sit for up to six hours in an eight hour workday.

(Transcript at 29.)

The ALJ reported that he gave Dr. Talbot's opinion "little weight," noting that her

---

tackled in 2007 and again for attempting to jump a fence to go fishing in 2008. (Transcript at 29, 321-30 and 342-52.) Further, Plaintiff does not allege that his symptoms worsened between July 2008 and June 2009. However, in July 2008 he had no problem walking from the parking lot to the psychologist's office but in July 2009 stated he could only take a few steps when seen for an orthopedic examination. (Transcript at 29.)

opinion was not supported by the evidence of record and was based upon an inaccurate history provided by Plaintiff. (Transcript at 29.) The ALJ stated as follows:

> As for the opinion evidence, little weight is given to opinions of Dr. Talbot, who treated the claimant from November 2009 until July 2010. In December 2009 and February 2010, she signed letters stating that the claimant "is unable to work due to heart disease and disabling back pain," the ultimate issue of disability is reserved to the Commissioner (Exhibits B15F and B17F, SSR96-5p). That opinion is not supported by the record as a whole. Little weight is also given to Dr. Talbot's April 2010 opinion that the claimant can lift less than ten pounds, can stand or sit for no longer than fifteen minutes, and would need to lie down at unpredictable intervals, which Dr. Talbot indicated was based on reports of MRI and surgery; Dr. Talbot was provided inaccurate history by the claimant (Exhibit B5F and B18F).

(Transcript at 29.)

In August 2008, the State agency physician, Dr. Diane Manos, found that Plaintiff could stand, walk and sit each for about six hours in a workday, with unlimited pushing, pulling, reaching and handling. (Transcript at 426-32.) While the ALJ did not specifically reference the report of Dr. Manos, it is reasonable to conclude that the ALJ's determination that Plaintiff could perform sedentary work was based, at least in part, upon the RFC assessment of Dr. Manos, finding that Plaintiff could sit/stand each for six hours. Further, the limitations found by the ALJ were nearly all more restrictive than those found by Dr. Manos and the RFC assessed by the ALJ is more limited than the RFC assessed by Dr. Manos

The ALJ states several times that he reviewed and considered the entire record in this case and he adequately explained the weight accorded to the medical opinions of record. The ALJ's determination is supported by substantial evidence. Accordingly, this Court respectfully rejects the recommendation of the Magistrate Judge that the final decision of the Commissioner be reversed and the case remanded. Remand is unnecessary.

-10-

**Carpal Tunnel Syndrome**

Plaintiff did not raise objection to the Magistrate Judge's determination relative to his claimed carpal tunnel syndrome.  However, the Court reviewed the claim *de novo*.  The ALJ's determination that Plaintiff's claimed carpal tunnel syndrome was a non-severe impairment is supported by substantial evidence.  The Magistrate Judge thoroughly and accurately analyzed Plaintiff's claim that the ALJ erred in concluding that carpal tunnel syndrome was a non-severe impairment.  Accordingly, the Court adopts the portion of the Report and Recommendation relative to Plaintiff's claimed carpal tunnel syndrome.

A "severe impairment," is one which "significantly limits your physical or mental ability to do basic work activities" and must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not merely by a claimant's statements.  20 C..F.R. §§ 404.1508; 404.1520(c); 416.908; and, 416.920(c).  The ALJ thoroughly discussed his reasons for finding carpal tunnel syndrome to be a non-severe impairment:

> The evidence as whole indicates that the claimant does not have carpal tunnel syndrome or hand pain of the severity to limit basic work activities. In the August 2007 decision, the Administrative Law Judge noted that the claimant had complained of numbness in the left hand when sleeping in 2001, examination in 2003 showed some discomfort but normal motion and grip strength, electromyography showed moderately severe carpal tunnel syndrome, and a splint was prescribe [sic], but that the claimant had worked until 2005 and had no hand complaints in 2006 (Exhibit BlA pp 10, 11, 15). The claimant alleged only back and leg pain when he filed his current application on June 5, 2008, but indicated on July 16, 2008 that he also has problems with using his hands, along with problems lifting, stair climbing, standing, kneeling, walking, squatting, sitting, and reaching, understanding, seeing, and hearing (Exhibit B2E and B6E p 6). Hand problems were not mentioned when he alleged increased back pain and diabetes in November and December 2008 or when he added heart problems as an alleged impairment in February 2009 (Exhibits BlOE, B1lE, and B13E). The claimant testified that he has pain in both hands and difficulty holding objects such as a pencil long enough to accomplish tasks especially with his dominant left hand, although he has no problem picking up objects. New objective medical

-11-

> evidence regarding the alleged hand problem is limited to March 14, 2008 treatment notes when "left carpal tunnel syndrome" was included at the end of a list of seven diagnoses after the claimant "did complain of some numbness of the left hand and forearm as well as some decrease in his motor strength" and "did have a positive Phalen test, but a negative Tinel test"; the treating physician, Dr. Barker, also noted that the claimant had minimal thenar atrophy and was encouraged to use the wrist brace that he had at home but had not been using; Dr. Barker also noted that the claimant "does need an EMG of both the upper and lower extremities" (Exhibit 21F p 11). However, there was no subsequent note as to symptoms or findings related to the claimant's hands. In April 2010, the claimant's subsequent treating physician, Dr. Talbot, noted of a history of "carpal tunnel surgery" as a basis for limitation of limitation [sic] of handling, fingering and feeling to less than occasionally (Exhibit BI8F p 3). However, Dr. Talbot's history was inaccurate, as the claimant has not had carpal tunnel surgery, and her treatment notes do not include any reference to hand symptoms or a diagnosis of carpal tunnel syndrome (Exhibit 20F). Dr. Barker's findings of positive Tinel's sign and minimal thenar atrophy in March 2008 are not so different from the findings noted in the 2007 decision as to result in a finding that the claimant currently has more than slight or minimal limitation as to use of the left hand in basic work related activities. Thus, while the claimant may have some intermittent pain in his left hand, this is not a severe impairment.

(Transcript at 24-25.)

Plaintiff, not the ALJ, has the burden to produce evidence in support of a disability claim. *Wilson v. Comm'r of Soc. Sec.*, 280 Fed. Appx. 456, 459 (6th Cir. Ky. 2008) (citing 20 C.F.R. § 404.15129(a)). As noted by the Magistrate Judge, "Other than Dr. Talbot's opinion based upon the inaccurate report that [Plaintiff] had carpal tunnel surgery, there is no other medical opinion suggesting work-related limitations stemming from carpal tunnel." Therefore, the ALJ's failure to include additional restrictions based upon Plaintiff's complaint of carpal tunnel was not unreasonable and was supported by the evidence of record.

**Conclusion**

For the foregoing reasons, the Court rejects the Report and Recommendation of the Magistrate Judge that the final decision of the Commissioner be reversed and the case remanded

for a new decision. The ALJ adequately explained the weight accorded the medical opinions of record and, therefore, remand is unnecessary.

With regard to Plaintiff's claimed carpal tunnel syndrome, the Court agrees with the analysis and findings of the Magistrate Judge and hereby adopts the portion of the Report and Recommendation related thereto.

The Commissioner's final determination denying Plaintiff's application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income Benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.,* is supported by substantial evidence and is hereby AFFIRMED.

This case is hereby TERMINATED.

IT IS SO ORDERED.

      s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 2, 2013